UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.　　　　　　　　　　　　　　　　　No. 00-4333

DARNELL PITTMAN,
　　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-273)

Submitted: September 26, 2000

Decided: November 30, 2000

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Brent Alan Jackson, JACKSON, PICKUS & ASSOCIATES, P.C., Richmond, Virginia, for Appellant. Helen Fahey, United States Attorney, N. George Metcalf, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Darnell Pittman was convicted in a jury trial of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C.A. § 846 (West 1999); and possession with intent to distribute crack cocaine, in violation of 21 U.S.C.A. § 841 (West 1999). He was sentenced to concurrent sentences of 189 months imprisonment, followed by five years of supervised release. On appeal, Pittman raises three issues. Having reviewed his claims thoroughly, we affirm.

Pittman first contends that the district court erred in denying his motion for a new trial. After the jury verdict but before sentencing, Pittman obtained new counsel. In a motion for new trial, he alleged that trial counsel was constitutionally inadequate. The district court denied the motion, ruling that Pittman could not support his claim, and that the motion was untimely under Fed. R. Crim. P. 33.

A claim of ineffective assistance of counsel must be raised in the district court in a motion under 28 U.S.C.A. § 2255 (West Supp. 1999), unless the record on appeal conclusively establishes ineffective assistance. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). The record here does not clearly show such ineffective assistance. Therefore, Pittman is entitled to no relief on this claim on direct appeal.

Pittman next complains that there was an inadequate chain of custody for the narcotics introduced against him at trial. The "chain of custody" rule is used to authenticate evidence before it is admitted in court, to ensure that the item of evidence is what it purports to be. *United States v. Howard-Arias*, 679 F.2d 363, 366 (4th Cir. 1982). "[T]he ultimate question is whether the authentication testimony was sufficiently complete so as to convince the court that it is improbable that the original item has been exchanged with another or otherwise tampered with." *Id.* Even if there is a link missing in the chain, the evidence may be admitted if there is adequate proof that the evidence is authentic and unadulterated. *Id.* We review the district court's ruling for abuse of discretion. *United States v. Ricco*, 52 F.3d 58, 61 (4th Cir. 1995). Here, the evidence from the police officer and state foren-

sic scientist was adequate to establish the authenticity of the material. Therefore, Pittman is entitled to no relief on this claim.

Finally, Pittman challenges the judge's responses to two jury questions during deliberations. He asserts that the judge in its responses usurped the fact-finding functions of the jury. Having reviewed the record, we conclude that the district court did not abuse its discretion in responding to the jury's inquiries. *United States v. Horton*, 921 F.2d 540, 546 (4th Cir. 1990). The district court responded fairly to the questions and created no prejudice. *United States v. United Medical & Surgical Supply Corp.*, 989 F.2d 1390, 1406-07 (4th Cir. 1993). The district court did not usurp the jury's fact-finding role, and this claim lacks merit.

We affirm Pittman's convictions and sentence. We deny his request for an extension of time to file a supplemental, pro se brief, his request to place the appeal in abeyance pending preparation of such a brief, and any request to file a supplemental brief. As Pittman is represented by counsel he has no right to file such material. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*